TOM BUTLER v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 26 November, 1919.)

1. **Telegraphs—Service Messages—Delay in Delivery—Negligence—Evidence —Sickness—Death—Mental Anguish.**

   A telegraph company failed to promptly transmit and deliver a message announcing the extreme illness of the plaintiff's brother residing about two miles from its terminal office, thirty-five miles from its initial office; and the evidence tends to show that the plaintiff, the sender of the message, had several conversations with the defendant's agent on the morning after the defendant had received it, and had been once, about noon, in the defendant's terminal office; that the message had been received for transmission about 9 :30 one day and delivered about 5 p. m. the next, without evidence that defendant had sent back a service message or had searched for the plaintiff at its terminal office, and that as soon as he received the message the plaintiff immediately went to the place where his brother was, but arrived after the funeral. *Held,* sufficient to sustain a verdict of the jury upon the questions of whether, except for the defendant's negligence, the plaintiff would sooner have gone to his brother and have arrived before his death or burial.

2. **Telegraphs— Sickness— Death—Evidence—Presumptions—Near Relation —Damages—Contributory Negligence.**

   The presumption is that a person who receives a telegram announcing the extreme illness of his brother will make every reasonable effort to promptly go to him.

CIVIL ACTION, tried before *Harding, J.,* at March Term, 1919, of RANDOLPH, upon these issues:

"1. Did the defendant negligently fail to deliver the telegram to the plaintiff, as alleged? Answer: 'Yes.'

"2. What amount, if any, is the plaintiff entitled to recover of defendant by reason of the negligence of the defendant, as alleged? Answer: '$500.' "

*C. H. Redding* and *Brittain & Brittain for plaintiff.*
*J. A. Spence for defendant.*

BROWN, J. The action was brought by the plaintiff to recover damage from the defendant for its negligence in failing to deliver a telegram announcing the sickness of the brother of the plaintiff, and basing his claim for damage on the failure of the defendant to deliver the telegram in time for the plaintiff to reach the sick bed of his brother, Louis Butler, and be present at the funeral.

The motion to nonsuit was properly overruled. There is evidence tending to prove that the following telegram was delivered to the defendant between 9 and 9 :30 a. m., 21 April, 1917, at Biscoe, N. C., for trans-

mission to the plaintiff at Franklinsville, N. C.: "Come at once; Louis Butler is at the point of death. (Signed) Eliza Butler."

There is evidence that the defendant failed to deliver the said telegram until 5 o'clock p. m. the next day. It is in evidence that it is about 35 miles from Biscoe to Franklinsville, and that the plaintiff lived about two miles from Franklinsville. There is evidence that the plaintiff was in Franklinsville the morning of the 21st, and talked with the agent of the defendant; that the agent saw him twice at Mr. Allred's store; that the plaintiff was at the station where the telegraph office is, about 12 o'clock noon, and that he was in Franklinsville nearly all day. There is no evidence that the defendant sent a service message to the sender of the message that the plaintiff could not be found or gave the sender any opportunity for making provision for the delivery of the message to plaintiff's home. It is contended that there is no evidence that the plaintiff would have gone to see his brother if he had received the message in time.

The plaintiff testified that as soon as he received the message that he started, and got there Monday afternoon between sundown and dark. We think this is evidence sufficient to go to the jury as to what the plaintiff would have done had he received the message in due time.

Without reciting it particularly, we think there is evidence tending to prove that had the plaintiff received the message in due time he could have gone to his brother's residence and been with him before his death, and certainly in time to attend to his funeral; besides, the presumption is that when a person receives a telegram announcing the sickness and impending death of a very near relative, within such a short distance, that he will make every reasonable effort to go to his relative.

There is no evidence that the agent of the defendant at Franklinsville searched for the plaintiff in Franklinsville that day, although he knew he was there, or that any effort was made to deliver the message.

We see no evidence that the plaintiff did not use due diligence to reach his brother after he received the telegram or was in any way negligent himself.

*Medlin v. Tel. Co.,* 169 N. C., 495; *Hospital Asso. v. Hobbs,* 153 N. C., 188.

Upon an examination of the entire record we think the case was fairly put to the jury, and we find

No error.